FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

25 MAR 24 AM 10: 20

# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-02901-SBP

JULIE SMITH,
Plaintiff,

v.

BLOOMTV LLC, a Colorado Limited Liability Company,
MONICA MANLEY, an individual,
and DEVON KERNS, an individual,
Defendants.

## DEFENDANTS' ANSWER TO COMPLAINT AND JURY DEMAND

Defendants BloomTV LLC, Monica Manley, and Devon Kerns ("Defendants"), by and for their Answer to Plaintiff Julie Smith's Complaint, state as follows:

### PARTIES / JURISDICTION / VENUE

**1.** Defendants admit the allegations in Paragraph 1.

**2.** Defendants admit the allegations in Paragraph 2.

**3.** Defendants admit the allegations in Paragraph 3.

**4.** Defendants admit the allegations in Paragraph 4.

**5.** Defendants admit Plaintiff was employed by BloomTV LLC for a period of time but affirm her employment ended when she voluntarily entered a separate, non-employment agreement. Defendants deny that Defendant Devon Kerns was Plaintiff's employer or exercised control over Plaintiff's employment.

**6.** Defendants admit jurisdiction is asserted but affirm Plaintiff was no longer an employee at the time of the alleged claims, having entered a non-employment agreement contingent on funding. Defendants deny jurisdiction is proper as to Defendant Devon Kerns.

**7.** Defendants admit the allegations in Paragraph 7 but deny that venue is proper as to Defendant Devon Kerns personally.

### GENERAL ALLEGATIONS

8: Defendants admit.

9: Defendants admit BloomTV is a flower-focused streaming network.

10: Defendants admit Monica Manley is CEO and Co-Founder.

11: Defendants admit Devon Kerns is a Co-Founder but deny he was jointly in charge of day-to-day operations.

12: Defendants admit Plaintiff was interviewed, but deny any personal offer or guarantee from Mr. Kerns individually.

13: Defendants admit the specific salary/bonus terms as alleged.

14: Defendants admit Ms. Smith commenced work around August 1, 2023.

15: Defendants deny that Mr. Kerns was ever Plaintiff's employer or responsible for employment decisions, and affirm that any employment relationship with BloomTV LLC ended when Plaintiff voluntarily entered into a new, separate agreement outside of an employment relationship.

16: Defendants admit Ms. Manley had managerial duties but deny the same as to Mr. Kerns.

17: Defendants admit three paychecks were paid and that funding delays occurred.

18. Defendants admit that a bridge payment was discussed but deny any intent to defraud. Any agreement regarding deferred compensation was expressly contingent upon funding.

19. Defendants admit one pay period was missed due to lack of funds and affirm that Plaintiff was fully informed of the company's financial condition and funding status. Plaintiff was given the choice whether to continue working under new terms but was not asked or required to do so.

20. Defendants state that Plaintiff requested a $20,000 bonus due to the funding delay, which Defendants agreed to pay contingent upon the closing of funding.

21. Defendants admit the allegations in Paragraph 21. Plaintiff voluntarily continued working with full knowledge of the funding delays and the express understanding that all compensation, including backpay and any bonus, was contingent upon the successful closing of funding.

22. Defendants deny the allegations in Paragraph 22 as stated. Defendants affirm that Plaintiff voluntarily continued working under a new, non-employment agreement, fully aware that compensation was contingent upon funding

23. Defendants deny the allegations in Paragraph 23. Defendants acknowledge Plaintiff raised concerns regarding back wages, which were addressed with transparency and consistent updates regarding funding status.

24. Defendants admit that they acknowledged wages were owed to Plaintiff; however, Defendants affirm that any payment obligation was expressly contingent upon the successful closing of funding.

25. Defendants deny the allegations in Paragraph 25. Defendants affirm that statements such as "hang on a little longer" were made directly by third-party funders to Defendants and other company representatives subject to the funding agreements. Defendants merely relayed these funder updates to Plaintiff in good faith and with full transparency, having no control over the timing or outcome of the funding.

26. Defendants deny the allegations in Paragraph 26. While the company remained operational, it was in severe financial distress and unable to grow or advance without funding. Plaintiff was assigned limited tasks, many of which were not completed or produced no material benefit to the company.

27. Defendants deny the allegations in Paragraph 27. Defendants acted in good faith, continued paying staff until company funds were exhausted, and thereafter provided individuals, including Plaintiff, the option to find other employment or continue under new, non-employment agreements with the understanding that any compensation was contingent upon the successful closing of funding.

28. Defendants deny the allegations in Paragraph 28. While Plaintiff demanded payment, Defendants made no independent promises and relayed only third-party funding updates, which were outside Defendants' control.

29. Defendants deny the allegations in Paragraph 29. Defendants did not dispute the amounts discussed and made clear that, regardless of Plaintiff's decision to find employment elsewhere, or go into a new agreement with BloomTV, she would be paid as agreed upon the successful closing of funding.

30. Defendants deny the allegations in Paragraph 30. Defendants acknowledge advising Plaintiff that a lawsuit could force the company to shut down, based on their good faith understanding of the company's financial condition at the time. This statement was not intended as a threat but reflected Defendants' belief that insolvency or bankruptcy could result if litigation proceeded.

31. Defendants admit that discussions regarding deadlines and payment occurred but affirm that Plaintiff became a non-employee when she voluntarily chose to move forward under a new agreement to work for backpay, fully contingent upon the successful closing of funding. Defendants deny any implication of bad faith.

32. Defendants deny the allegations in Paragraph 32. Defendants did not promise payment but requested an extension based on a good faith belief that they could secure a loan or other means to satisfy the amounts discussed.

33. Defendants admit that Plaintiff agreed to hold the lawsuit in abeyance pending payment but deny that Defendants engaged in any wrongful conduct.

34. Defendants admit that payment deadlines were discussed. Defendants deny any change to those deadlines was made in bad faith.

35. Defendants admit that Plaintiff has not received payment to date, as the funding upon which payment was expressly contingent has not been secured.

36. Defendants admit they requested an additional extension but deny that any such request was made in bad faith. Defendants were unable to obtain the necessary funds due to both the company's and Ms. Manley's personal financial limitations.

37. Defendants admit the allegations in Paragraph 37. Defendants have never disputed the amounts discussed but assert payment remained contingent upon funding.

38. Defendants deny the allegations in Paragraph 38 as stated. Defendants affirm that Plaintiff continued performing limited work under a new, non-employment agreement during this period. Defendants deny any wrongdoing or misrepresentation.

39. Defendants admit that Plaintiff formally ceased her non-employee contributions under the contingent backpay agreement in or around May 2024. Defendants deny any implication of wrongdoing.

40. Defendants deny the allegations in Paragraph 40. Plaintiff was fully informed of the funding risks and voluntarily chose to remain under the agreed conditions.

## CLAIMS FOR RELIEF
(Violation of the Fair Labor Standards Act – 29 U.S.C. § 201, et seq.)

41. Defendants deny the allegations in Paragraph 41.

42. Defendants deny the allegations in Paragraph 42.

43. Defendants deny the allegations in Paragraph 43.

44. Defendants deny the allegations in Paragraph 44 and specifically deny that they violated the Fair Labor Standards Act.

45. Defendants admit the allegations in Paragraph 45.

46. Defendants deny the allegations in Paragraph 46.

47. Defendants deny the allegations in Paragraph 47 and specifically deny that any damages resulted from Defendants' wrongful conduct. Defendants affirm that Plaintiff voluntarily continued working with full knowledge of the funding contingency.

48. Defendants deny the allegations in Paragraph 48.

49. Defendants deny the allegations in Paragraph 49. Defendants affirm that while Plaintiff was initially an employee, she voluntarily transitioned out of employee status when the company ran out of funds and entered into a new, separate agreement under which she chose to continue providing services in exchange for future compensation contingent solely upon the successful closing of third-party funding.

50. Defendants deny the allegations in Paragraph 50. Defendants assert that any payment obligations arose exclusively from this separate, contingent agreement and not from any employment relationship governed by the Colorado Wage Act.

51. Defendants deny the allegations in Paragraph 51. Defendants affirm that Plaintiff knowingly agreed her compensation would be subject to funding, and no final wages were owed under statutory definitions at the time of separation.

52. Defendants deny the allegations in Paragraph 52.

53. Defendants deny the allegations in Paragraph 53.

54. Defendants deny the allegations in Paragraph 54 and assert that Plaintiff was fully aware no payment would be made absent funding.

55. Defendants deny the allegations in Paragraph 55 and specifically deny any willful failure to pay wages. Defendants acted transparently and in good faith based on the financial condition of the company.

56. Defendants deny the allegations in Paragraph 56 and deny liability for any penalties under Colorado law.

57. Defendants deny the allegations in Paragraph 57 and assert Plaintiff's claimed damages, if any, arose from her own voluntary decision to continue under new terms fully conditioned on uncertain third-party funding.

**THIRD CLAIM FOR RELIEF — Fraudulent Misrepresentation**

58. Defendants deny the allegations in Paragraph 58.

59. Defendants deny the allegations in Paragraph 59. Defendants affirm that any bonus discussed was requested by Plaintiff as part of a new, separate agreement entered after the

company ceased payroll. Under this agreement, Plaintiff was no longer an employee but chose to continue working for backpay and a $20,000 bonus, both contingent upon third-party funding.

60. Defendants admit that they communicated funding was imminent based on representations from third-party funders. Defendants deny any fraudulent intent or misrepresentation and affirm that such statements were made in good faith, relying on ongoing assurances from funders. While the funding has not yet closed, Defendants maintain that these representations remain accurate based on information received..

61. Defendants deny the allegations in Paragraph 61.

62. Defendants deny the allegations in Paragraph 62 and specifically deny any knowledge of falsity. Defendants shared third-party funder updates in good faith.

63. Defendants deny the allegations in Paragraph 63. Plaintiff continued working under a new agreement, no longer as an employee, with compensation contingent upon closing of third-party funding.

64. Defendants deny the allegations in Paragraph 64 and affirm that Plaintiff had the option to exit and pursue other employment but chose to continue based on her own belief in the company's potential.

65. Defendants deny the allegations in Paragraph 65 and assert that any claimed damages were the result of Plaintiff's voluntary decision to continue under non-employee terms.


**FOURTH CLAIM FOR RELIEF - Promissory Estoppel**

66. Defendants deny the allegations in Paragraph 66.

67. Defendants admit that promises were made under a new, separate agreement, not as part of any employment relationship. Defendants continue to uphold that agreement, which remains contingent upon the closing of third-party funding.

68. Defendants admit that they promised payment of Plaintiff's backpay and bonus contingent upon securing funding, as part of a new agreement outside of any employment relationship. Defendants affirm that this promise was made in good faith based on third-party funding assurances, but payment remains dependent on the successful closing of that funding.

69. Defendants deny the allegations in Paragraph 69 and affirm that Plaintiff was given multiple opportunities to exit, seek other employment, or return later, but elected to remain based on her personal choice.

70. Defendants deny the allegations in Paragraph 70. Defendants affirm that Plaintiff knowingly chose to continue under the new agreement, but did not diligently perform her services. Any

claimed losses resulted from her voluntary decision to continue despite the conditional nature of payment and her limited performance.

71. Defendants deny the allegations in Paragraph 71 and specifically deny any legal obligation for damages, losses, or injuries as alleged.

## AFFIRMATIVE DEFENSES

Without conceding any factual or legal allegations, Defendants assert the following affirmative defenses and reserve the right to amend or supplement them as additional facts are discovered:

## FIRST AFFIRMATIVE DEFENSE – FAILURE TO STATE A CLAIM

Plaintiff's Complaint fails to state a claim upon which relief can be granted under the Fair Labor Standards Act, the Colorado Wage Act, or any other applicable law.

## SECOND AFFIRMATIVE DEFENSE – NO EMPLOYMENT RELATIONSHIP AT TIME OF CLAIMS

At the time of the alleged wage violations, Plaintiff was no longer an employee. Plaintiff voluntarily entered a new, separate agreement outside the scope of any employment relationship, fully aware that compensation was contingent upon the successful closing of third-party funding.

## THIRD AFFIRMATIVE DEFENSE – WAIVER, ESTOPPEL, AND ASSUMPTION OF RISK

Plaintiff knowingly and voluntarily assumed the risk of non-payment by continuing under the new agreement, having been fully informed of the funding uncertainty. Plaintiff waived any right to claim statutory wages or protections by agreeing to defer compensation based solely on future funding.

## FOURTH AFFIRMATIVE DEFENSE – GOOD FAITH AND LACK OF FRAUDULENT INTENT

Defendants acted at all times in good faith and relied on credible assurances from third-party funders. All representations to Plaintiff were made transparently, with no intent to defraud or mislead.

## FIFTH AFFIRMATIVE DEFENSE – IMPOSSIBILITY OF PERFORMANCE

Due to circumstances beyond Defendants' control, including third-party funding delays, performance was impossible at the relevant time. Plaintiff was fully informed of these risks.

## SIXTH AFFIRMATIVE DEFENSE – LACK OF PERSONAL LIABILITY

Neither Monica Manley nor Devon Kerns exercised sufficient control over Plaintiff's work or compensation to be personally liable under the FLSA, the Colorado Wage Act, or common law. BloomTV LLC was the sole party to the contingent agreement.

## SEVENTH AFFIRMATIVE DEFENSE – FAILURE TO MITIGATE DAMAGES

Plaintiff failed to mitigate her alleged damages. Defendants provided Plaintiff with all of the details on the company's financial status and gave Plaintiff the option to seek other employment. Plaintiff voluntarily chose to continue despite repeated disclosures of financial risk.

## EIGHTH AFFIRMATIVE DEFENSE – NO BENEFIT OR UNJUST ENRICHMENT

Defendants did not materially benefit from Plaintiff's services under the new agreement. Plaintiff was assigned minimal work, much of which was incomplete or not performed as requested.

Respectfully submitted this 24 day of March, 2024.

**Monica Michelle Manley**
**Pro Se Defendant**
1101 E. Bayaud Ave E1809
monica@bloomtvnetwork.com
256-394-0785

**CERTIFICATE OF SERVICE**

I certify that on March 23, 2024, I served a true and correct copy of the foregoing Answer upon:

Jeremy T. Jonsen, Esq. Allen Vellone Wolf Helfrich & Factor, PC
1600 Stout Street, Suite 1900
Denver, CO 80202
jjonsen@allen-vellone.com

Monica Manley

*/s/ Monica Manley*