25 MAR 26 PM 12:58

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 1:24-cv-02901-SBP

Julie Smith,
Plaintiff,
v.
BloomTV LLC,
Defendant.

## MOTION TO VACATE DEFAULT AND REQUEST FOR EXTENSION OF TIME

Defendant BloomTV LLC, by Monica Manley, acting on behalf of BloomTV LLC, respectfully moves this Court to vacate the default entered against BloomTV LLC and to grant an extension of time for BloomTV LLC to properly file its response to the Complaint.

1. **Introduction**:
   Defendant BloomTV LLC acknowledges that a default has been entered against it in this matter. However, the default occurred because BloomTV LLC, as a business entity, requires legal representation and cannot proceed pro se. The Defendant, through Monica Manley, mistakenly filed a response on behalf of the LLC, not understanding that business entities must be represented by an attorney.

2. **Good Faith Efforts**:
   Defendant respectfully requests that this Court vacate the default due to good cause. The Defendant unintentionally filed a response on behalf of BloomTV LLC, and has since realized the legal requirement for the company to be represented by an attorney. The Defendant has made efforts to correct this mistake but has been unable to secure legal representation due to financial constraints.

3. **Financial Hardship**:
   Defendant BloomTV LLC has not been operational since July 30, 2024, and is currently experiencing significant financial hardship, which has hindered the ability to secure legal counsel. Additionally, the owner of the company, Monica Manley, who is also acting on behalf of BloomTV LLC to file this motion, has no income and will need to actively seek financial assistance in order to hire legal counsel and representation to file a proper response to the Complaint.

4. **Proposed Answer**:
Attached hereto is a **Proposed Answer** for BloomTV LLC, which the Defendant intends to file once the default is vacated and additional time is granted to secure legal counsel.

5. **Request for Extension**:
Defendant respectfully requests that the Court grant an additional 30 days to allow BloomTV LLC to obtain legal representation and file the appropriate response to the Complaint.

6. **Conclusion**:
For the reasons stated above, Defendant BloomTV LLC respectfully requests that the Court vacate the default entered against it and grant an additional 30 days for BloomTV LLC to secure legal representation and file the proper response to the Complaint. Defendant acknowledges that, as a business entity, BloomTV LLC requires legal counsel and is actively seeking to secure such representation.

Respectfully submitted,
Monica Manley
**Acting on behalf of BloomTV LLC**

*/s/ Monica Manley*

Monica Manley
03/26/2025

---

**Certificate of Service**:
I hereby certify that on this 26 day of March, 2025, I served the foregoing Motion to Vacate Default and Request for Extension of Time to:

Jeremy T. Jonsen, Esq. Allen Vellone Wolf Helfrich & Factor, PC
1600 Stout Street, Suite 1900
Denver, CO 80202
jjonsen@allen-vellone.com

via U.S. mail and email.

# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-02901-SBP

**JULIE SMITH,**
Plaintiff,

v.

**BLOOMTV LLC, a Colorado Limited Liability Company,**
Defendant.

## DEFENDANT BLOOMTV LLC'S PROPOSED ANSWER TO COMPLAINT AND JURY DEMAND

Defendant BloomTV LLC, by Monica Manley, acting on behalf of BloomTV LLC, submits this Preliminary Answer to the Complaint filed by Plaintiff Julie Smith, in support of the Motion to Vacate Default and Request for Extension of Time, and states as follows:

This Preliminary Answer is submitted to demonstrate BloomTV LLC's good faith intention to defend itself against the claims in the Complaint. These answers are not the final, official response, as the Defendant is seeking an extension of time to secure legal representation. Defendant respectfully requests that the Court accept these answers as an indication of its preparedness to respond to the Complaint, with a formal answer to follow once legal counsel is secured. In support of this motion, Defendant states as follows:

### PARTIES / JURISDICTION / VENUE

1. Defendant admits the allegations in Paragraph 1.

2. Defendant admits the allegations in Paragraph 2.

3. Defendant admits the allegations in Paragraph 3.

4. Defendant admits the allegations in Paragraph 4.

**5.** Defendant admits Plaintiff was employed by BloomTV LLC for a period of time but affirms her employment ended when she voluntarily entered a separate, non-employment agreement. Defendant denies that Plaintiff's employment continued under the terms alleged or that any employment relationship existed with BloomTV LLC at the time of the claims.

6. Defendant denies that jurisdiction is properly asserted under 28 U.S.C. §§ 1331 and 1367(a). Plaintiff's claims arise from a non-employment agreement and do not fall under the scope of federal question jurisdiction or supplemental jurisdiction as asserted. The allegations involve a contingent compensation agreement tied to third-party funding, over which Defendant had no control.

7. Defendant denies that venue is proper in this Court pursuant to 28 U.S.C. § 1391. Plaintiff's claims arise from a non-employment agreement. Therefore, the claims are not subject to traditional employment laws or the venue provisions under 28 U.S.C. § 1391.

## GENERAL ALLEGATIONS

8: Defendant admits.

9: Defendant admits BloomTV is a flower-focused streaming network.

10: Defendant admits Monica Manley is CEO and Co-Founder.

11: Defendant admits Devon Kerns is a Co-Founder but denies he was jointly in charge of day-to-day operations.

12: Defendant admits Plaintiff was interviewed but denies that Mr. Kerns personally offered or guaranteed employment, as he does not own the company nor has any legal authority or responsibility within BloomTV LLC.

13: Defendant admits the specific salary/bonus terms as alleged.

14: Defendant admits Ms. Smith commenced work around August 1, 2023.

15: Defendant admits Monica Manley was Plaintiff's employer previous to Plaintiffs voluntary new agreement, but denies that Mr. Kerns was ever Plaintiff's employer.

16: Defendant admits Ms. Manley had managerial duties but deny the same as to Mr. Kerns.

17: Defendant admits three paychecks were paid and that funding delays occurred.

18. Defendant admits that a bridge payment was discussed but deny any intent to defraud. Any agreement regarding deferred compensation was expressly contingent upon funding.

19. Defendant admits one pay period was missed due to lack of funds and affirm that Plaintiff was fully informed of the company's financial condition and funding status. Plaintiff was given

the choice whether to continue working under new terms but was not asked or required to do so.

20. Defendant states that Plaintiff requested a $20,000 bonus due to the funding delay, which Defendant agreed to pay contingent upon the closing of funding.

21. Defendant admits the allegations in Paragraph 21. Plaintiff voluntarily continued working with full knowledge of the funding delays and the express understanding that all compensation, including backpay and any bonus, was contingent upon the successful closing of funding.

22. Defendant denies the allegations in Paragraph 22 as stated. Defendant affirms that Plaintiff voluntarily continued working under a new, non-employment agreement, fully aware that compensation was contingent upon funding

23. Defendant denies the allegations in Paragraph 23. Defendant acknowledge Plaintiff raised concerns regarding back wages, which were addressed with transparency and consistent updates regarding funding status.

24. Defendant admits that they acknowledged wages were owed to Plaintiff; however, Defendant affirms that any payment obligation was expressly contingent upon the successful closing of funding.

25. Defendant denies the allegations in Paragraph 25. Defendant affirms that statements such as "hang on a little longer" were made directly by third-party funders to Defendant and other company representatives subject to the funding agreements. Defendant merely relayed these funder updates to Plaintiff in good faith and with full transparency, having no control over the timing or outcome of the funding.

26. Defendant denies the allegations in Paragraph 26. While the company remained operational, it was in severe financial distress and unable to grow or advance without funding. Plaintiff was assigned limited tasks, many of which were not completed or produced no material benefit to the company.

27. Defendant denies the allegations in Paragraph 27. Defendant acted in good faith, continued paying staff until company funds were exhausted, and thereafter provided individuals, including Plaintiff, the option to find other employment or continue under new, non-employment agreements with the understanding that any compensation was contingent upon the successful closing of funding.

28. Defendant denies the allegations in Paragraph 28. While Plaintiff demanded payment, Defendant made no independent promises and relayed only third-party funding updates, which were outside Defendants' control.

29. Defendant denies the allegations in Paragraph 29. Defendant did not dispute the amounts discussed and made clear that, regardless of Plaintiff's decision to find employment elsewhere,

or go into a new agreement with BloomTV, she would be paid as agreed upon the successful closing of funding.

30. Defendant denies the allegations in Paragraph 30. Defendant acknowledges advising Plaintiff that a lawsuit could force the company to shut down, based on their good faith understanding of the company's financial condition at the time. This statement was not intended as a threat but reflected Defendants' belief that insolvency or bankruptcy could result if litigation proceeded.

31. Defendant admits that discussions regarding deadlines and payment occurred but affirm that Plaintiff became a non-employee when she voluntarily chose to move forward under a new agreement to work for backpay, fully contingent upon the successful closing of funding. Defendant denies any implication of bad faith.

32. Defendant denies the allegations in Paragraph 32. Defendant did not promise payment but requested an extension based on a good faith belief that they could secure a loan or other means to satisfy the amounts discussed.

33. Defendant admits that Plaintiff agreed to hold the lawsuit in abeyance pending payment but deny that Defendant engaged in any wrongful conduct.

34. Defendant admits that payment deadlines were discussed. Defendant denies any change to those deadlines was made in bad faith.

35. Defendant admits that Plaintiff has not received payment to date, as the funding upon which payment was expressly contingent has not been secured.

36. Defendant admits they requested an additional extension but deny that any such request was made in bad faith. Defendant were unable to obtain the necessary funds due to both the company's and Ms. Manley's personal financial limitations.

37. Defendant admits the allegations in Paragraph 37. Defendants have never disputed the amounts discussed but assert payment remained contingent upon funding.

38. Defendant denies the allegations in Paragraph 38 as stated. Defendant affirms that Plaintiff continued performing limited work under a new, non-employment agreement during this period. Defendant denies any wrongdoing or misrepresentation.

39. Defendant denies the allegations in Paragraph 38. Plaintiff was not an employee, and her contributions were made solely under a non-employment agreement, with compensation explicitly contingent on the successful closure of funding, which was never secured.

40. Defendant denies the allegations in Paragraph 40. Plaintiff was fully informed of the funding risks and voluntarily chose to remain under the agreed conditions.

## CLAIMS FOR RELIEF
### (Violation of the Fair Labor Standards Act – 29 U.S.C. § 201, et seq.)

41. Defendant denies the allegations in Paragraph 41.

42. Defendant denies the allegations in Paragraph 42.

43. Defendant denies the allegations in Paragraph 43.

44. Defendant denies the allegations in Paragraph 44 and specifically denies violating the Fair Labor Standards Act.

45. Defendant admits the allegations in Paragraph 45.

46. Defendant denies the allegations in Paragraph 46.

47. Defendant denies the allegations in Paragraph 47 and specifically denies that any damages resulted from Defendants' wrongful conduct.

48. Defendant denies the allegations in Paragraph 48.

49. Defendant denies the allegations in Paragraph 49. Defendant affirms that while Plaintiff was initially an employee, she voluntarily transitioned out of employee status when the company ran out of funds and entered into a new, separate agreement under which she chose to continue providing services in exchange for future compensation contingent solely upon the successful closing of third-party funding.

50. Defendant denies the allegations in Paragraph 50. Defendant asserts that any payment obligations arose exclusively from this separate, contingent agreement and not from any employment relationship governed by the Colorado Wage Act.

51. Defendant denies the allegations in Paragraph 51. Defendant affirms that Plaintiff knowingly agreed her compensation would be subject to funding, and no final wages were owed under statutory definitions at the time of separation.

52. Defendant denies the allegations in Paragraph 52.

53. Defendant denies the allegations in Paragraph 53.

54. Defendant denies the allegations in Paragraph 54 and assert that Plaintiff was fully aware no payment would be made absent funding.

55. Defendant denies the allegations in Paragraph 55 and specifically denies any willful failure to pay wages. Defendant acted transparently and in good faith based on the financial condition of the company.

56. Defendant denies the allegations in Paragraph 56 and deny liability for any penalties under Colorado law.

57. Defendant denies the allegations in Paragraph 57 and assert Plaintiff's claimed damages, if any, arose from her own voluntary decision to continue under new terms fully conditioned on uncertain third-party funding.

### THIRD CLAIM FOR RELIEF — Fraudulent Misrepresentation

58. Defendant denies the allegations in Paragraph 58.

59. Defendant denies the allegations in Paragraph 59. Defendant affirms that any bonus discussed was requested by Plaintiff as part of a new, separate agreement entered after the company ceased payroll. Under this agreement, Plaintiff was no longer an employee but chose to continue working for backpay and a $20,000 bonus, both contingent upon third-party funding.

60. Defendant admits that they communicated funding was imminent based on representations from third-party funders. Defendant denies any fraudulent intent or misrepresentation and affirms that such statements were made in good faith, relying on ongoing assurances from funders. While the funding has not yet closed, Defendant maintains that these representations remain accurate based on information received..

61. Defendant denies the allegations in Paragraph 61.

62. Defendant denies the allegations in Paragraph 62 and specifically denies any knowledge of falsity. Defendant shared third-party funder updates in good faith.

63. Defendant denies the allegations in Paragraph 63. Plaintiff continued working under a new agreement, no longer as an employee, with compensation contingent upon closing of third-party funding.

64. Defendant denies the allegations in Paragraph 64 and affirm that Plaintiff had the option to exit and pursue other employment but chose to continue based on her own belief in the company's potential.

65. Defendant denies the allegations in Paragraph 65 and assert that any claimed damages were the result of Plaintiff's voluntary decision to continue under non-employee terms.

### FOURTH CLAIM FOR RELIEF - Promissory Estoppel

66. Defendant denies the allegations in Paragraph 66.

67. Defendant admits that promises were made under a new, separate agreement, not as part of any employment relationship. Defendant continued to uphold that agreement, which remains contingent upon the closing of third-party funding.

68. Defendant admits that they promised payment of Plaintiff's backpay and bonus contingent upon securing funding, as part of a new agreement outside of any employment relationship. Defendant affirms that this promise was made in good faith based on third-party funding assurances, but payment remains dependent on the successful closing of that funding.

69. Defendant denies the allegations in Paragraph 69 and affirm that Plaintiff was given multiple opportunities to exit, seek other employment, or return later, but elected to remain based on her personal choice.

70. Defendant denies the allegations in Paragraph 70. Defendant affirms that Plaintiff knowingly chose to contribute to the company under the new agreement, but did not diligently perform her services. Any claimed losses resulted from her voluntary decision to continue despite the conditional nature of payment and her limited performance.

71. Defendant denies the allegations in Paragraph 71 and specifically denies any legal obligation for damages, losses, or injuries as alleged.

## AFFIRMATIVE DEFENSES

Without conceding any factual or legal allegations, Defendant asserts the following affirmative defenses and reserve the right to amend or supplement them as additional facts are discovered:

## FIRST AFFIRMATIVE DEFENSE – FAILURE TO STATE A CLAIM

Plaintiff's Complaint fails to state a claim upon which relief can be granted under the Fair Labor Standards Act, the Colorado Wage Act, or any other applicable law.

## SECOND AFFIRMATIVE DEFENSE – NO EMPLOYMENT RELATIONSHIP AT TIME OF CLAIMS

At the time of the alleged wage violations, Plaintiff was no longer an employee. Plaintiff voluntarily entered a new, separate agreement outside the scope of any employment relationship, fully aware that compensation was contingent upon the successful closing of third-party funding.

## THIRD AFFIRMATIVE DEFENSE – WAIVER, ESTOPPEL, AND ASSUMPTION OF RISK

Plaintiff knowingly and voluntarily assumed the risk of non-payment by continuing under the new agreement, having been fully informed of the funding uncertainty. Plaintiff waived any right to

claim statutory wages or protections by agreeing to defer compensation based solely on future funding.

## FOURTH AFFIRMATIVE DEFENSE – GOOD FAITH AND LACK OF FRAUDULENT INTENT

Defendant acted at all times in good faith and relied on credible assurances from third-party funders. All representations to Plaintiff were made transparently, with no intent to defraud or mislead.

## FIFTH AFFIRMATIVE DEFENSE – IMPOSSIBILITY OF PERFORMANCE

Due to circumstances beyond Defendants' control, including third-party funding delays, performance was impossible at the relevant time. Plaintiff was fully informed of these risks.

## SIXTH AFFIRMATIVE DEFENSE – FAILURE TO MITIGATE DAMAGES

Plaintiff failed to mitigate her alleged damages. Defendant provided Plaintiff with all of the details on the company's financial status and gave Plaintiff the option to seek other employment. Plaintiff voluntarily chose to continue despite repeated disclosures of financial risk.

## SEVENTH AFFIRMATIVE DEFENSE – NO BENEFIT OR UNJUST ENRICHMENT

Defendant did not materially benefit from Plaintiff's services under the new agreement. Plaintiff was assigned minimal work, much of which was incomplete or not performed as requested.

Respectfully submitted this 26 day of March, 2025.

**Monica Michelle Manley**
**On Behalf of BloomTV, LLC**
1101 E. Bayaud Ave E1809
monica@bloomtvnetwork.com
256-394-0785

*[signature: Monica Manley]*

Monica Manley
03/26/2025

**CERTIFICATE OF SERVICE**

I certify that on March 26, 2025, I served a true and correct copy of the foregoing Answer upon:

Jeremy T. Jonsen, Esq. Allen Vellone Wolf Helfrich & Factor, PC
1600 Stout Street, Suite 1900
Denver, CO 80202
jjonsen@allen-vellone.com

via U.S. mail and email.

Monica Manley
On Behalf of BloomTV LLC

*Monica Manley*