IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-02901-SBP

JULIE SMITH,
Plaintiff,

v.

**DEVON KERNS,** an individual,
Defendant.

## DEFENDANTS' ANSWER TO COMPLAINT AND JURY DEMAND

Defendant Devon Kerns ("Defendant"), by and for their Answer to Plaintiff Julie Smith's Complaint, state as follows:

## PARTIES / JURISDICTION / VENUE

1. Defendant admits the allegations in Paragraph 1.

2. Defendant admits the allegations in Paragraph 2.

3. Defendant admits the allegations in Paragraph 3.

4. Defendant admits the allegations in Paragraph 4.

5. Defendant denies the allegations in Paragraph 5, specifically denying that he was Plaintiff's employer or exercised any control over Plaintiff's employment.

6. Defendant denies the allegations in Paragraph 6, asserting that jurisdiction is improper as to him personally, as Plaintiff was never employed by Defendant, and Defendant had no authority over Plaintiff's employment status

7. Defendant denies the allegations in Paragraph 7, asserting that venue is improper as to him personally for the reasons stated above.

## GENERAL ALLEGATIONS

8: Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 8 and therefore denies them.

9: Defendant admits BloomTV is a flower-focused streaming network.

10: Defendant admits Monica Manley is CEO and Co-Founder.

11: Defendant admits that he was referred to as a Co-Founder in some contexts but denies any involvement in the day-to-day operations or management of BloomTV LLC.

12: Defendant denies the allegations in Paragraph 12, specifically denying that he personally made any offers or guarantees regarding employment.

13: Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 13 and therefore denies them.

14: Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 14 and therefore denies them.

15: Defendant denies the allegations in Paragraph 15, specifically denying that he was ever Plaintiff's employer or responsible for any employment decisions.

16: Defendant denies having any responsibilities over Plaintiff, BloomTV employees, or with BloomTV LLC.

17: Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 17 and therefore denies them.

18. Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 18 and therefore denies them.

19. Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 19 and therefore denies them.

20. Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 20 and therefore denies them.

21. Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 21 and therefore denies them.

22. Defendant denies the allegations in Paragraph 22.

23. Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 23 and therefore denies them.

24. Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 24 and therefore denies them.

25. Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 25 and therefore denies them.

26. Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 26 and therefore denies them.

27. Defendant denies the allegations in Paragraph 27.

28. Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 28 and therefore denies them.

29. Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 29 and therefore denies them.

30. Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 30 and therefore denies them.

31. Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 31 and therefore denies them.

32. Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 32 and therefore denies them.

33. Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 33 and therefore denies them.

34. Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 34 and therefore denies them.

35. Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 35 and therefore denies them.

36. Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 36 and therefore denies them.

37. Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 37 and therefore denies them.

38. Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 38 and therefore denies them.

39. Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 39 and therefore denies them.

40. Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 40 and therefore denies them.

## CLAIMS FOR RELIEF
(Violation of the Fair Labor Standards Act – 29 U.S.C. § 201, et seq.)

41. Defendant denies the allegations in Paragraph 41.

42. Defendant denies the allegations in Paragraph 42.

43. Defendant denies the allegations in Paragraph 43.

44. Defendant denies the allegations in Paragraph 44, asserting that he has never been an owner or manager of BloomTV LLC, nor has he exercised any control over its operations or employment practices.

45. Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 45 and therefore denies them.

46. Defendant denies the allegations in Paragraph 46.

47. Defendant denies the allegations in Paragraph 47 and specifically denies that any damages resulted from Defendant's conduct.

## Second Claim for Relief
### (Violation of the Colorado Wage Act – C.R.S. § 8-4-101, et seq.)

48. Defendant denies the allegations in Paragraph 48

49. Defendants denies the allegations in Paragraph 49.

50. Defendant denies the allegations in Paragraph 50.

51. Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 51 and therefore denies them.

52. Defendant denies the allegations in Paragraph 52.

53. Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 53 and therefore denies them.

54. Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 54 and therefore denies them.

55. Defendant denies the allegations in Paragraph 55, asserting that he had no involvement in Plaintiff's compensation or employment terms, as he is not an owner, manager, or employee of BloomTV LLC.

56. Defendant denies the allegations in Paragraph 56 and denies liability for any penalties under Colorado law.

57. Defendant denies the allegations in Paragraph 57 and asserts that he bears no responsibility for any decisions or actions taken by the company, and any claimed damages by Plaintiff are solely the result of her own voluntary decisions and actions, for which Defendant has no liability.

### THIRD CLAIM FOR RELIEF — Fraudulent Misrepresentation

58. Defendant denies the allegations in Paragraph 58.

59. Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 59 and therefore denies them.

60. Defendant denies the allegations in Paragraph 60.

61. Defendants deny the allegations in Paragraph 61.

62. Defendant denies the allegations in Paragraph 62 and specifically denies any knowledge of falsity.

63. Defendant denies the allegations in Paragraph 63.

64. Defendant denies the allegations in Paragraph 64.

65. Defendant denies the allegations in Paragraph 65 and asserts that any claimed damages were the result of Plaintiff's voluntary decisions.

### FOURTH CLAIM FOR RELIEF - Promissory Estoppel

66. Defendant denies the allegations in Paragraph 66.

67. Defendant denies the allegations in Paragraph 67.

68. Defendant denies the allegations in Paragraph 68.

69. Defendant denies the allegations in Paragraph 69.

70. Defendant denies the allegations in Paragraph 70.

71. Defendant denies the allegations in Paragraph 71 and specifically denies any legal obligation for damages, losses, or injuries as alleged.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense: Failure to State a Claim

Defendant asserts that Plaintiff's Complaint is fundamentally flawed and devoid of merit. It utterly fails to present any factual or legal basis upon which relief can be granted against Defendant. The allegations are baseless and warrant immediate dismissal.

### Second Affirmative Defense: Lack of Personal Involvement

Defendant unequivocally states that he has never been an owner, manager, employee, or agent of BloomTV LLC. He has had zero involvement in its operations or employment decisions. Any attempt to implicate Defendant in the alleged actions of BloomTV LLC is not only unfounded but egregiously misleading.

### Third Affirmative Defense: Lack of Employment Relationship

At no point has Defendant engaged in any employment or contractual relationship with Plaintiff. He has never supervised, directed, or compensated Plaintiff in any capacity. Therefore, Defendant bears absolutely no responsibility for any employment-related claims asserted by Plaintiff.

### Fourth Affirmative Defense: Lack of Standing

Plaintiff's attempt to bring claims against Defendant is entirely without standing. There exists no direct or indirect relationship between Plaintiff and Defendant that would support such claims. This action represents a blatant misuse of judicial resources.

### Fifth Affirmative Defense: No Duty Owed

Defendant owed no legal duty to Plaintiff concerning her employment, compensation, or any other matters alleged in the Complaint. As such, there can be no breach of duty attributed to Defendant. Any assertion to the contrary is a gross distortion of the facts.

### Sixth Affirmative Defense: Lack of Causation

Any alleged damages or injuries claimed by Plaintiff were not caused by any action or inaction of Defendant. Given his complete lack of involvement with BloomTV LLC and Plaintiff's employment, attributing causation to Defendant is not only unfounded but patently absurd.

### Seventh Affirmative Defense: Failure to Mitigate Damages

To the extent that Plaintiff has suffered damages, which Defendant vehemently denies, Plaintiff has failed to take reasonable steps to mitigate those damages. Any purported losses are a direct result of Plaintiff's own negligence and inaction.

**Eighth Affirmative Defense: Unclean Hands**

Plaintiff's claims are barred under the doctrine of unclean hands. Her own actions and conduct have significantly contributed to the circumstances leading to the alleged damages. Equity and justice demand that her claims be dismissed outright.

**Ninth Affirmative Defense: Waiver and Estoppel**

Plaintiff's claims are barred by the doctrines of waiver and estoppel. Through her actions and agreements, Plaintiff has knowingly and voluntarily relinquished any right to assert the claims presented and is estopped from pursuing this action against Defendant.

**Tenth Affirmative Defense: Lack of Personal Jurisdiction**

This Court lacks personal jurisdiction over Defendant concerning the claims asserted. Defendant has not engaged in any activities that would subject him to jurisdiction in this forum regarding the matters alleged. Any attempt to assert jurisdiction is a blatant overreach and must be rejected.

Defendant reserves the right to assert additional defenses as may become apparent through discovery or further proceedings.

These defenses are articulated to underscore Defendant's complete non-involvement with BloomTV LLC and the Plaintiff, aiming to dismiss the claims on grounds of lack of connection and responsibility.

Respectfully submitted this 26 day of March, 2025.

**Devon K. Kerns**
**Pro Se Defendant**
1101 E. Bayaud Ave E1809
devonkkerns@gmail.com
720-224-5616

Devon Kerns
03/26/2025

**CERTIFICATE OF SERVICE**

I certify that on March 26, 2024, I served a true and correct copy of the foregoing Answer upon:

Jeremy T. Jonsen, Esq. Allen Vellone Wolf Helfrich & Factor, PC
1600 Stout Street, Suite 1900

Denver, CO 80202
jjonsen@allen-vellone.com

via U.S. mail and email.

Devon Kerns