## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-02901-CNS-SBP

JULIE SMITH,

     Plaintiff,

v.

BLOOMTV LLC, a Colorado Limited Liability Company,
MONICA MANLEY, and
DEVON KERNS,

     Defendants.

---

## ORDER

---

**Susan Prose, United States Magistrate Judge**

Plaintiff Julie Smith has filed a motion seeking entry of default judgment against Defendants Devon Kerns and BloomTV LLC. ECF No. 36 ("Motion" or "Motion for Default"). The court considers the Motion pursuant to 28 U.S.C. § 636(b), the Order Referring Case dated May 1, 2025 (ECF No. 35), and the Order Referring Motion dated May 2, 2025 (ECF No. 37). The court previously granted Mr. Kerns's unopposed motion to set aside the Clerk's entry of default, ECF No. 53, and so he is not a defaulted party. The focus of the Motion at this juncture is therefore on Ms. Smith's request for default judgment against BloomTV, an entity that indisputably has never appeared in this matter.

Having carefully reviewed the Motion, the record before the court, and the applicable law, the court respectfully **ORDERS** that the Motion is denied **without prejudice** as to

BloomTV and **denied as moot** as to Mr. Kerns.[1]

## BACKGROUND

This civil action arises out of Ms. Smith's former employment as a salaried employee with BloomTV. In her complaint (ECF No. 1) and in her affidavit in support of the Motion for Default (ECF No. 36-1),[2] Ms. Smith alleges the following:

BloomTV "is a flower-focused streaming network, publishing educational and entertaining shows that revolve around flowers." ECF No. 1 ¶ 9. On June 27, 2023, Ms. Smith was offered a position as an executive assistant with BloomTV. *Id.* ¶ 12. She was to be compensated by means of an annual salary of $125,000 and a signing bonus of ten per cent of that salary. *Id.* ¶ 13. Nowhere does Ms. Smith assert that this salaried arrangement entitled her to overtime compensation or to the federal minimum wage, nor does she otherwise contend that her

---

[1] Pursuant to 28 U.S.C. § 636(b), a United States magistrate judge may "hear and determine any pretrial matter pending before the court." 28 U.S.C. § 636(b)(1)(A). "When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision." Fed. R. Civ. P. 72(a). Courts in this District have treated denials of motions for default judgment without prejudice as non-dispositive orders. *See, e.g.*, *Vanderwal v. Trujillo*, No. 21-cv-03163-WJM-NYW, 2022 WL 2512820, at *1 n.1 (D. Colo. June 15, 2022); *Ward v. Lutheran Med. Ctr.*, No. 18-cv-00232-CMA-STV, 2019 WL 7630812, at *1 (D. Colo. June 26, 2019). Therefore, this court proceeds by order.

[2] Because the Clerk of Court has entered default against BloomTV, *see* ECF No. 18, the entry of default has the effect of the defaulting party admitting to all well-pleaded facts in the operative complaint. *Etana Custody Inc. v. Stratford Sols. SL*, No. 23-cv-03341-PAB-STV, 2024 WL 4123495, at *2 (D. Colo. Sept. 9, 2024) (citing 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2688.1 (4th ed., 2023 rev.)). The court also "accepts as undisputed any facts set forth by the moving party in affidavits and exhibits." *Bricklayers & Trowel Trades Int'l Pension Fund v. Denver Marble Co.*, No. 16-cv-02065-RM, 2019 WL 399228, at *2 (D. Colo. Jan. 31, 2019) (citation omitted).

compensation was in any way driven by the number of hours she worked. *See generally id.*

Ms. Smith started working for BloomTV on August 1, 2023. *Id.* ¶ 14. According to the pleading, BloomTV quickly failed to pay Ms. Smith for her work. She received three paychecks before she was informed "that funding for BloomTV was delayed and wages could no longer be paid." *Id.* ¶ 17. She was asked "to "forego her salary as a 'bridge loan' for only one pay period" and to continue working. *Id.* ¶ 18. As an inducement to give up her salary for that pay period, BloomTV offered Ms. Smith $5,000, which the entity never paid. *Id.* ¶¶ 18-19. It did not pay her after that time, either. *Id.* ¶ 19. To incentivize her to continue working without pay, BloomTV promised her "total bonuses of $20,000." *Id.* ¶ 20. Ms. Smith continued to work as an executive assistant for BloomTV for nine months without receiving any of her salary. *Id.* ¶ 22.

Ms. Smith "finally terminated her unpaid employment with BloomTV" in May 2024. *Id.* ¶ 39. On August 21, 2024, she sent a demand to BloomTV, via her legal counsel, for payment of her unpaid wages. *Id.* ¶ 31. BloomTV promised to pay Ms. Smith $114,333.29—an amount that purportedly included her back wages, the "agreed-upon bonus," and attorney's fees—by October 11, 2024, but it never did. *Id.* ¶¶ 32, 35.

Ms. Smith initiated this lawsuit on October 18, 2024. ECF No. 1. She invokes federal-question jurisdiction pursuant to 28 U.S.C. § 1331 on the basis of a claim under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA" or the "Act"). *Id.* ¶¶ 6, 41-47. Her other claims arise under state law. She brings a claim under the Colorado Wage Claim Act, Colo. Rev. Stat. § 8-4-101 *et seq.*, and pursues state common-law claims under theories of fraudulent misrepresentation and promissory estoppel. *Id.* ¶¶ 48-71.

Because BloomTV proved difficult to serve, this court authorized substitute service by

means of registered mail directed to Monica Manley, the registered agent for BloomTV and
another defendant in this matter. ECF No. 12.[3] In accordance with the court's order, Ms. Smith
served BloomTV by certified mail on January 13, 2025, rendering service effective five days
later, on January 18, 2025.[4] *See* ECF No. 36 ¶¶ 7-8 (citing Colo. Rev. Stat. § 7-90-704(2)); ECF
No. 36-1 (listing a service address of 1101 E. Bayaud Ave., E3003, Denver, CO 80209); *see also*
Colorado SOS Document Service, last accessed November 28, 2025 (listing the same address for
the registered agent of BloomTV on the Secretary of State's website); *CSMN Operations LLC v.
Aetna Life Ins. Co.*, No. 24-cv-00368-NYW-RTG, 2025 WL 2513588, at *11 n.11 (D. Colo.
Sept. 2, 2025) (taking judicial notice of information on the Colorado Secretary of State's
website). Still, BloomTV has not appeared in this matter, notwithstanding the undersigned
explaining to Ms. Manley that the entity cannot appear in court without counsel. *See* ECF No. 32
at 1 (April 28, 2025 courtroom minutes).

On February 20, 2025, Ms. Smith requested that default be entered against BloomTV and
Mr. Kerns. ECF No. 16. The Clerk entered default on March 4, 2025. ECF No. 18. On May 1,
2025, Ms. Smith filed the instant Motion seeking entry of default judgment against BloomTV
and Mr. Kerns, jointly and severally, in the amount of $516,666.45 in damages and $11,682.53
in attorney's fees and costs. ECF No. 36 ¶ 49. Mr. Kerns subsequently obtained counsel and
moved to set aside the Clerk's entry of default (ECF No. 48), which the court granted. ECF No.
53. BloomTV, however, has never appeared, and so the court proceeds to evaluate whether Ms.
Smith has met her burden to show that she is entitled to a default judgment against BloomTV in

---

[3] Ms. Manley, individually, has appeared in this case. *See* ECF No. 44 (Manley answer).
[4] The Motion references January 18, 2024, an obvious scrivener's error.

excess of half a million dollars. For the reasons that follow, the undersigned respectfully finds she has not.

## LEGAL STANDARD

To obtain a judgment by default, a party must follow the two-step process described in Federal Rule of Civil Procedure 55. First, the party must seek an entry of default from the Clerk of Court under Rule 55(a). Second, after default has been entered by the Clerk, the party must seek judgment in accordance with the parameters articulated in Rule 55(b). *See Williams v. Smithson*, 57 F.3d 1081, 1995 WL 365988, at *1 (10th Cir. June 20, 1995) (unpublished table decision) (citing *Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981)).

The decision to enter default judgment is "committed to the district court's sound discretion[.]" *Olcott v. Del. Flood Co.*, 327 F.3d 1115, 1124 (10th Cir. 2003) (citation omitted). In exercising that discretion, the court bears in mind that "[s]trong policies favor resolution of disputes on their merits." *In re Rains*, 946 F.2d 731, 732 (10th Cir. 1991) (quotation and citations omitted). "The default judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party." *Id.* (cleaned up) (quotation omitted). On the other hand, default judgment is designed to protect a plaintiff against "interminable delay and continued uncertainty as to his rights." *Id.* at 733 (quotation omitted). When "ruling on a motion for default judgment, the court may rely on detailed affidavits or documentary evidence to determine the appropriate sum for the default judgment." *Seme v. E&H Prof'l Sec. Co., Inc.*, No. 08-cv-01569-RPM-KMT, 2010 WL 1553786, at *11 (D. Colo. Mar. 19, 2010), *report and recommendation adopted*, 2010 WL 1553788 (D. Colo. Apr. 16, 2010).

Rule 55 recognizes the fact that "[a] party may not simply sit out the litigation without

consequence." *McLaughlin Grp., Inc. v. Am. Mfg. & Mach., Inc.*, No. 20-cv-03531-PAB-JPO, 2024 WL 3849760, at *2 (D. Colo. Aug. 16, 2024) (citing *Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444-45 (10th Cir. 1983)). As previously noted in this Order, one consequence an unresponsive party must face is that the well-pleaded allegations in the complaint are deemed admitted. *Etana Custody Inc.*, 2024 WL 4123495, at *2. But that does not end the court's scrutiny of the request for default. "Even after default, however, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law." *Id.* (quoting 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2688.1 (4th ed., 2023 rev.)); *see also, e.g.*, *Mordhorst Cleaning, LLC v. Allstate Ins. Co.*, No. 21-cv-02678-DDD-SKC, 2021 WL 6125404, at *2 (D. Colo. Dec. 28, 2021) ("The court has to make sure the admitted facts state a claim before entering default judgment.") (citations omitted).

In making that assessment, the court is not obliged to countenance mere labels or conclusions, "and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (internal quotation marks and quotation omitted). A claim is facially plausible when the plaintiff pleads factual content that, when taken as true, "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under

some viable legal theory." *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008) (stating

that "[t]echnical fact pleading is not required, but the complaint must still provide enough factual

allegations for a court to infer potential victory") (quotation and citation omitted).

## ANALYSIS

When a plaintiff applies for default judgment, the court undertakes a three-step analysis.

First, the court has an obligation to inquire into the existence of both subject-matter

jurisdiction over the action and personal jurisdiction over the defaulting party, both of which the

party moving for default judgment is obliged to prove. *See Dennis Garberg & Assocs., Inc. v.

Pack-Tech Int'l Corp.*, 115 F.3d 767, 772 (10th Cir. 1997) (holding that "a district court must

determine whether it has jurisdiction over the defendant before entering judgment by default

against a party who has not appeared in the case"); *see also Kokkonen v. Guardian Life Ins. Co.

of Am.*, 511 U.S. 375, 377 (1994) ("It is to be presumed that a cause lies outside this limited

jurisdiction, . . . and the burden of establishing the contrary rests upon the party asserting

jurisdiction.") (citations omitted).

Second, the court must confirm that the plaintiff's pleading entitles her to relief on the

merits. *See Tripodi v. Welch*, 810 F.3d 761, 765 (10th Cir. 2016) (observing that, "even in

default, a defendant is not prohibited from challenging the legal sufficiency of the admitted

factual allegations," and that "[t]he judgment must be supported by a sufficient basis in the

pleadings") (citing *Bixler v. Foster*, 596 F.3d 751, 762 (10th Cir. 2010)); *see also Reagor v.

Okmulgee County Family Resource Center*, 501 F. App'x 805, 808 (10th Cir. 2012) (in

upholding the dismissal of an FLSA claim under Federal Rule of Civil Procedure 12(b)(6),

stating that a plaintiff "bears the burden to show that she is entitled to the protection of the

FLSA") (citing *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298-99 (11th Cir. 2011)).

Third, the court evaluates the moving party's claim for damages. In doing so, the court may "conduct hearings or make referrals," Fed. R. Civ. P. 55(b)(2), but if "the amount claimed is a liquidated sum or one capable of mathematical calculation," *id.*, the court may dispense of a hearing and "rely on detailed affidavits or documentary evidence." *Chisolm v. Glob. Graphics & Designs Inc.*, No. 20-cv-00344-PAB-SKC, 2021 WL 4426951, at *1 (D. Colo. Sept. 27, 2021) (citation and internal quotation marks omitted).

Upon a careful examination of Ms. Smith's papers, evaluated pursuant to these legal standards, the court finds that she has not met her burden to establish her entitlement to the protections of the FLSA and, consequently, relief on the merits. This foundational deficiency compels denial of Ms. Smith's request for default judgment against BloomTV.

I.    **Jurisdiction**

Before addressing the merits of Ms. Smith's Motion for Default, the court evaluates the question of jurisdiction. *See Dennis Garberg & Assocs.*, 115 F.3d at 772.

A.    **Subject-Matter Jurisdiction**

With regard to subject-matter jurisdiction, this court has grappled with the question of whether the defects in Ms. Smith's pleading, identified below, are of a jurisdictional nature. Ultimately, as further explained below, the court follows what it discerns to be the majority view and concludes they are not.

Accordingly, the court looks to Ms. Smith's assertion that the court has subject-matter jurisdiction over this action under 28 U.S.C. § 1331, which provides that the "district courts shall

have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of
the United States" because she brings a claim under the FLSA, a federal statute. ECF No. 1 ¶ 6.
The court agrees that it has subject-matter jurisdiction over a claim arising under federal law and
therefore proceeds to the question of whether it likewise has personal jurisdiction over
BloomTV.

### B.    Personal Jurisdiction

Ms. Smith bears the burden to establish personal jurisdiction over BloomTV. *Rambo v.
Am. S. Ins. Co.*, 839 F.2d 1415, 1417 (10th Cir. 1988). She can satisfy this burden by making a
*prima facie* showing. *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th
Cir. 2008). The court accepts the well-pleaded allegations in the complaint as true in determining
whether the plaintiff has made a *prima facie* showing that personal jurisdiction exists. *AST
Sports Sci., Inc. v. CLF Distrib. Ltd.*, 514 F.3d 1054, 1057 (10th Cir. 2008). If personal
jurisdiction can be established by reference to the pleading, the court need look no further. *Id.*

"In determining whether a federal court has personal jurisdiction over a defendant, the
court must determine '(1) whether the applicable statute potentially confers jurisdiction by
authorizing service of process on the defendant and (2) whether the exercise of jurisdiction
comports with due process.'" *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006) (quoting
*Peay v. BellSouth Med. Assistance Plan*, 205 F.3d 1206, 1209 (10th Cir. 2000)). The Colorado
long-arm statute, Colo. Rev. Stat. § 13-1-124, has been construed to extend jurisdiction to the
maximum extent permitted by the Constitution, so the jurisdictional analysis here reduces to a
single inquiry of whether jurisdiction offends due process. *See Dudnikov*, 514 F.3d at 1070
(recognizing that "the first, statutory, inquiry effectively collapses into the second, constitutional,

9

analysis"); *see also Archangel Diamond Corp. v. Lukoil*, 123 P.3d 1187, 1193 (Colo. 2008)

("Because the General Assembly intended for our long-arm statute to confer the maximum

jurisdiction permitted by the due process clauses of the United States and Colorado constitutions,

we necessarily address the requirements of the long-arm statute when we engage in

constitutional due process analysis.").

Personal jurisdiction comports with due process when a defendant has minimum contacts

with the forum state and where those contacts are such that assuming jurisdiction does not offend

"traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S.

310, 316 (1945) (quotation omitted). "Minimum contacts may be established under the doctrines

of general jurisdiction or specific jurisdiction." *Howarth v. TCER, LLC*, No. 20-cv-03230-PAB-

KMT, 2021 WL 4775270, at *2 (D. Colo. Oct. 13, 2021). Whether the court has personal

jurisdiction over BloomTV also depends on whether service of process was adequate. *Holcim*

*(US), Inc. v. Limerock Materials, LLC*, No. 11-cv-00686-REB-CBS, 2012 WL 4442757, at *4

(D. Colo. Sept. 26, 2012) (personal jurisdiction over a defendant . . . is acquired only with valid

service of process").

### 1.    General Personal Jurisdiction

Ms. Smith alleges that BloomTV "is a Colorado Limited Liability Company with a

principal place of business located at 1101 E. Bayaud Ave. E3003, Denver, CO 80209," ECF

No. 1 ¶ 2—information confirmed on the website of the Colorado Secretary of State. For

corporations, "the place of incorporation and principal place of business are 'paradigm bases for

general jurisdiction.'" *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) (quoting *Goodyear*

*Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924) (2011) (cleaned up). "Courts have

held that *Daimler* applies with equal force to limited liability companies." *Bliss v. Change Healthcare Operations LLC*, No. CIV-21-0048-R, 2021 WL 706770, at *1 (W.D. Okla. Feb. 23, 2021) (collecting cases). Accordingly, the court finds that the allegations that BloomTV is a Colorado LLC, and that its principal place of business is in this state, are sufficient to establish that this court may properly exercise general personal jurisdiction over BloomTV.

### 2.    Specific Personal Jurisdiction

"Specific jurisdiction . . . is premised on something of a *quid pro quo*: in exchange for 'benefitting' from some purposive conduct directed at the forum state, a party is deemed to consent to the exercise of jurisdiction for claims related to those contacts." *Dudnikov*, 514 F.3d at 1078. Courts typically examine three questions in determining if a state's exercise of sovereignty over a defendant can be described as fair and just for specific jurisdiction: "(1) whether the defendant purposefully directed its activities at residents of the forum state; (2) whether the plaintiff's injury arose from those purposefully directed activities; and (3) whether exercising jurisdiction would offend traditional notions of fair play and substantial justice." *Newsome v. Gallacher*, 722 F.3d 1257, 1264 (10th Cir. 2013).

Because BloomTV is a Colorado limited liability company with its principal place of business in Colorado, and its allegedly unlawful employment practices involving Ms. Smith "were committed within the jurisdiction of the United States District Court, District of Colorado," ECF No. 36-3 ¶ 3, the court is satisfied that Ms. Smith has made a *prima facie* showing that it may exercise specific personal jurisdiction over BloomTV. *See, e.g.*, *Irby v. Evonik Corp.*, No. 1:20-CV-337-TFM-M, 2021 WL 6050434, at *1 (S.D. Ala. Mar. 23, 2021) ("Personal jurisdiction exists because the unlawful employment practices alleged in Plaintiff's

complaint were allegedly committed by Defendant within Mobile County, Alabama."). This conclusion is bolstered by the fact that both Ms. Manley and Mr. Kerns—who are alleged to be the "CEO and Co-Founder of BloomTV" and "the other Co-Founder of BloomTV" and who allegedly were "in charge of its day-to-day operation," *see* ECF No. 1 ¶¶ 10-11—have represented to the court that they reside at the same address on East Bayaud Avenue in Denver, Colorado. *See* Docket of these proceedings.

Ms. Smith therefore has sufficiently alleged that she was injured by the purposeful activities of BloomTV in this forum. The record thus evinces an adequate link between this forum and Ms. Smith's claims so as to allow this court to exercise specific personal jurisdiction over BloomTV without offending traditional notions of fair play and substantial justice.

### 3.    Service of Process

Finally, proper service is a jurisdictional prerequisite to litigation. *Jenkins v. City of Topeka*, 136 F.3d 1274, 1275 (10th Cir. 1998) ("Effectuation of service is a precondition to suit[.]"). Without proper service, the court lacks personal jurisdiction over a defendant. *Okla. Radio Assocs. v. Fed. Deposit Ins. Co.*, 969 F.2d 940, 943 (10th Cir. 1992); *accord Murphy Bros., Inc. v. Mitchetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (stating that, "[i]n the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as a defendant") (citation omitted).

The court finds that the process of serving BloomTV, as directed by this court, was legally proper in every respect and that service on BloomTV has been perfected. Therefore,

service poses no jurisdictional barrier to the imposition of a default judgment.[5]

## II.      Merits Analysis and the Defects in Ms. Smith's Pleading

### A.      FLSA Claim

To enter default judgment against BloomTV, the court next must find, based on the well-pleaded allegations in the complaint, that BloomTV is liable for a violation of the FLSA.

In support of her FLSA claim, Ms. Smith avers that BloomTV reneged on its commitment to pay her an annual salary (not counting bonuses) of $125,000—or approximately $2,404.00 per week—and her pleading is replete with references to BloomTV's failure to pay her this salary. *See generally* ECF No. 1. For BloomTV's complete non-payment of wages over the course of approximately nine months, Ms. Smith seeks relief under the minimum-wage provision of the Act: 29 U.S.C. § 206(a)(1). ECF No. 1 ¶ 44. The claim is marked by two critical pleading deficiencies.

### 1.      Ms. Smith's Status as an "Employee" Under the Act

The FLSA protects only those workers who fall within the ambit of the statute's definition of "employee." *Tony & Susan Alamo Found. v. Sec'y of Lab.*, 471 U.S. 290, 295 (1985). "Employee" is defined as "any individual employed by an employer." 29 U.S.C. § 203(e)(1). The FLSA defines "employer" to include "any person acting directly or indirectly in the interest of an employer in relation to an employee." *Id.* § 203(d). And "employ" is defined as "suffer or permit to work." *Id.* § 203(g). However, as the Tenth Circuit has recognized, "not all

---

[5] Ms. Smith also has confirmed "that the party in default is not a minor or an incompetent person" and "is not in the military service, as set forth in the Servicemembers Civil Relief Act, 50 U.S.C. § 3931[.]" *See* D.C.COLO.LCivR 55.1(a)(1)(A), (B); ECF No. 36-3 ¶ 4.

workers require the same kind of protection under the FLSA." *Ellis v. J.R.'s Country Stores, Inc.*,
779 F.3d 1184, 1187 (10th Cir. 2015) (cleaned up).

Specifically, as relevant to the court's analysis here, the FLSA exempts from its
requirements "any employee employed in a bona fide executive, administrative, or professional
capacity." 29 U.S.C. § 213(a)(1). The well-pleaded allegations in the complaint are consistent
with the conclusion that Ms. Smith functioned in one or more of these exempt capacities,
including, specifically, in a "bona fide administrative capacity." *See* 29 C.F.R. § 541.200(a)
(exempting an employee who is "(1) Compensated on a salary or fee basis at not less than the
level set forth in § 541.600; (2) Whose primary duty is the performance of office or non-manual
work directly related to the management or general business operations of the employer or the
employer's customers; and (3) Whose primary duty includes the exercise of discretion and
independent judgment with respect to matters of significance."); *see also Iqbal*, 556 U.S. at 678
("Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it
'stops short of the line between possibility and plausibility of 'entitlement to relief.'") (quoting
*Twombly*, 550 U.S. at 557).

Although Ms. Smith's pleading wholly omits any facts concerning her job duties, she
does allege information regarding her $125,000 salary. At the time of her employment with
BloomTV, the salary required to qualify as an exempt executive, administrative, or professional
employee under
§ 213(a)(1) of the Act was "at a rate of not less than $684 per week"—about a quarter of the
weekly salary she contends BloomTV was obliged to pay her. *See* 29 C.F.R. Ch. V (7-1-23
Edition), 29 U.S.C. § 541.600, available at https://www.govinfo.gov/content/pkg/CFR-2023-

title29-vol3/pdf/CFR-2023-title29-vol3.pdf, at p. 238 (last accessed November 28, 2025).[6]

The well-pleaded facts thus fail to support a reasonable inference that Ms. Smith was a non-exempt employee entitled to avail herself of the protections of the FLSA.

### 2.    "Coverage" Under the Act

The FLSA's minimum-wage provision, on which Ms. Smith's claim rests, applies to "employees who in any workweek [are] engaged in commerce," as well as to employees "who in any workweek [are] . . . employed in an enterprise engaged in commerce or in the production of goods for commerce[.]" 29 U.S.C. § 206(a). "Thus, there are two sources of potential coverage under the FLSA: what is sometimes described as 'individual coverage' and 'enterprise coverage.'" *Decker v. 'Murica, LLC*, No. 19-cv-00104-MSK-SKC, 2020 WL 491188, at *2 (D. Colo. Jan. 30, 2020); *see also Harlas v. Barn, LLC*, 853 F. App'x 292, 293-94 (10th Cir. 2021) ("An employee who seeks to invoke the FLSA must satisfy the requirements for either enterprise or individual coverage.") (citing *Tony & Susan Alamo Found.*, 471 U.S. at 295 n.8 ("Employment may be covered under the [FLSA] pursuant to either 'individual' or 'enterprise' coverage."); *Josendis*, 662 F.3d at 1298-99; *Reagor*, 501 F. App'x at 808)).

Even if Ms. Smith's pleading could overcome the "employee" barrier under the FLSA, it does not allege—even read in conjunction with the largely duplicative affidavit she submitted in support of the Motion—sufficient facts to plausibly establish that the requirements of either form of coverage are satisfied.

_____

[6] As of January 1, 2025, the salary level required to qualify as an exempt executive, administrative, or professional employee is $1,128 per week. *See* 29 C.F.R. § 541.600(a)(2). The salary Ms. Smith was promised by BloomTV was more than twice even this higher level.

### a.    Individual Coverage

Individual coverage focuses on the specific actions of the employee. For individual coverage to apply, "an employee must directly participate in the actual movement of persons or things in interstate commerce," compelling the court to examine "*her* activities, not the business of her employer." *Reagor*, 501 F. App'x at 809 (cleaned up) (emphasis added); *see also Wagner v. J.D. Cleaning Serv., LLC*, No. 22-cv-01905-NRN, 2023 WL 7133008, at *4 (D. Colo. Oct. 30, 2023) ("For individual coverage to apply under FLSA, Mr. Wagner must provide evidence that he was '(1) engaged in commerce or (2) engaged in the production of goods for commerce.'") (quoting *Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264, 1266 (11th Cir. 2006)); 29 U.S.C. § 206(a). "To be engaged in commerce . . . an employee must be actually engaged in the movement of commerce, or the services he performs must be so closely related thereto as to be for all practical purposes an essential part thereof." *Reagor*, 501 F. App'x at 809 (cleaned up) (quoting *N.M. Pub. Serv. Co. v. Engel*, 145 F.2d 636, 638 (10th Cir. 1944)). "Under this theory, the employer need not engage in interstate commerce. Rather, '[i]t is the work of the employee which is decisive.'" *Harlas*, 853 F. App'x at 294 (quoting *McLeod v. Threlkeld*, 319 U.S. 491, 497 (1943); citing *Reagor*, 501 F. App'x at 809)).

Ms. Smith alleges no facts plausibly demonstrating that she was engaged in commerce or in the production of goods for commerce. Indeed, her complaint is entirely devoid of any factual specifics concerning her job duties, save for the unadorned assertion that she was employed as an "executive assistant." *See generally* ECF No. 1. And while she contends, generally, that she was BloomTV's "'employee' as that term is defined by the Fair Labor Standards Act," *id.* ¶ 43, that is a legal conclusion not entitled to the assumption of truth in the court's assessment of whether

16

the well-pleaded facts plausibly give rise to an entitlement to relief under the FLSA. *See Iqbal*, 556 U.S. at 678 (recognizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions").

To establish that she has a legitimate cause of action under the FLSA, Ms. Smith must allege facts plausibly showing that she, personally, was actually engaged in commerce—notably, her pleading never mentions the word "commerce"[7]—such as by regularly using instruments of communication while performing her work. *See Reagor*, 501 F. App'x at 809 (recognizing that, "[i]n assessing individual and enterprise coverage, Congress intends to regulate only activities constituting interstate commerce, not activities merely affecting commerce") (quotation omitted); *see also Harlas*, 853 F. App'x at 294 (affirming district court's decision that "Ms. Harlas has not shown she was engaged in interstate commerce when she staffed The Barn's cash register to ring up sales of merchandise"); *Decker*, 2020 WL 491188, at *4 (granting motion to dismiss FLSA claims where the complaint "fails to adequately allege facts sufficient to satisfy either the individual or enterprise coverages under the FLSA"). This, her pleading fails to plausibly do.

For these reasons, the court finds that Ms. Smith has not adequately alleged facts demonstrating that she is subject to individual coverage under the FLSA.

### b.    Enterprise Coverage

"For enterprise coverage, there must be an '[e]nterprise engaged in commerce or in the production of goods for commerce.'" *Reagor*, 501 F. App'x at 809 (quoting 29 U.S.C. § 203(s)(1)). "[E]ngaged in commerce" means the enterprise has (1) employees who are directly

---

[7] Neither does Ms. Smith's affidavit in support of the Motion for Default. *See generally* ECF No. 36-4.

engaged in commerce or handling goods or materials that have been moved in commerce *and* (2) an annual gross volume of sales over $500,000. *See* 29 U.S.C. §§ 203(s)(1)(A)(i), (ii).

Ms. Smith's barebones allegation about being employed as an executive assistant for BloomTV is inadequate to plead either of these mandatory elements of an enterprise-coverage theory. Put otherwise, the well-pleaded facts do not plausibly suggest (1) that BloomTV ever engaged in commerce or in the production of goods for commerce by having employees who were directly engaged in commerce or handling goods or materials that have been moved in commerce, and (2) that BloomTV generated an "annual gross volume of sales made or business done in an amount exceeding $500,000. 29 U.S.C. §§ 203(s)(1)(A)(i), (ii). And while she asserts that BloomTV is a "flower-focused streaming network," *see* ECF No. 1 ¶ 9, but that standalone allegation plausibly indicates nothing about whether BloomTV ever moved beyond the realm of the aspirational to some form of engagement in commerce or producing goods for commerce. And as to a dollar amount attributable to BloomTV's sales or business, Ms. Smith's pleading does not speak to these matters at all. Rather, her very minimal factual allegations are entirely consistent with the conclusion that BloomTV was, unfortunately, an economic flop that never engaged in *any* commerce or achieved *any* "annual gross volume of sales made or business done," *see id.*, let alone half a million dollars' worth of sales or business. *See Iqbal*, 556 U.S. at 678 (to show an entitlement to relief, complaint must contain allegations that go beyond mere consistency with liability). Certainly nothing in her pleading plausibly supports a contrary inference, on either point.

In conclusion, Ms. Smith has not adequately alleged facts demonstrating that she has satisfied the requirements for either "enterprise coverage" or "individual coverage," as she must

in order to establish her entitlement to invoke the protections offered by the FLSA. Put simply, Ms. Smith's allegations that BloomTV was a "streaming network" that failed to pay her salary are wholly insufficient to plead "the material elements necessary to sustain a recovery" under the FLSA. *See Bryson*, 534 F.3d at 1286; *Harlas*, 853 F. App'x at 294. Her failure to state a plausible claim for relief requires that her Motion for Default be denied. *See Etana Custody Inc.*, 2024 WL 4123495, at *2; *Mordhorst Cleaning, LLC*, 2021 WL 6125404, at *2.

### 3.    Jurisdictional Implications of the Pleading Deficiencies

To return to the jurisdictional issue previously noted, this court admits to finding logical appeal in the characterization of Ms. Smith's failure to allege that she is a worker within the FLSA's definition of "employee," and that she is entitled to coverage under that statute on either an individual or an enterprise basis, as defects in subject-matter jurisdiction—in particular, her standing to bring an FLSA claim. *See Voter Reference Found., LLC v. Torrez*, No. 24-2133, --- F.4th ---, 2025 WL 3280300, at *5 (10th Cir. Nov. 25, 2025) ("Standing is a prerequisite to a federal court's subject matter jurisdiction . . .").

The court respectfully recognizes, however, that other judges in this District, as well as judges on other courts, have issued well-reasoned decisions holding otherwise, and that those decisions appear to reflect the majority view. *See, e.g.*, *Fuentes v. Compadres, Inc.*, No. 17-cv-01180-CMA-MEH, 2018 WL 1444209, at *3 (D. Colo. Mar. 23, 2018) ("[T]he Court concludes that the existence of an employee/employer relationship under the FLSA is an element of the plaintiff's meritorious FLSA claim and does not implicate this Court's threshold subject matter jurisdiction."); *Murphy v. Allstaff Med. Res., Inc.*, No. 16-cv-2370-WJM-MEH, 2017 WL 2224530, at *2 (D. Colo. May 22, 2017) (holding that "a challenge to either individual or

enterprise coverage under the FLSA is non-jurisdictional").[8] The Tenth Circuit does not appear to have addressed whether these issues implicate jurisdiction or are merely elements of an FLSA claim. *See Wagner*, 2023 WL 7133008, at *2 n.2. The court also acknowledges that "the Supreme Court's recent jurisprudence suggests that, if anything, the lower courts are too quick to find statutory conditions 'jurisdictional.'" *Guglielmi v. Soc. Sec. Admin. Off. of Inspector Gen.*, No. 12-cv-00442-DME, 2012 WL 1015102, at *2 (D. Colo. Mar. 23, 2012) (citing *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 161 (2010)); *see also Arbaugh v. Y & H Corp.*, 546 U.S. 500, 511 (2006) (explaining that "[s]ubject matter jurisdiction in federal-question cases is sometimes erroneously conflated with a plaintiff's need and ability to prove the defendant bound by the federal law asserted as the predicate for relief—a merits-related determination," and criticizing "drive-by jurisdictional rulings"). Mindful of this precedent, the court treats the existence of an employee-employer relationship under the FLSA, as well as the question of enterprise or individual coverage under the Act, as elements of an FLSA claim rather than jurisdictional prerequisites.

Viewed through that prism, the well-pleaded facts are insufficient to nudge Ms. Smith's

---

[8] *Accord, e.g.*, *Gallagher v. Eat to the Beat, Inc.*, 480 F. Supp. 3d 79, 84 (D.D.C. 2020) ("Here too, nothing in FLSA indicates that Congress intended the 'employee' status of a plaintiff to be a jurisdictional prerequisite, and at least one circuit has found the employment status of a party to be a nonjurisdictional fact.") (citing *Tijerino v. Stetson Desert Project, LLC*, 934 F.3d 968, 975 (9th Cir. 2019) ("It is clear that the FLSA's employment status provision . . . should be construed as nonjurisdictional."); *Gilbert v. Freshbikes, LLC*, 32 F. Supp. 3d 594, 601 (D. Md. 2014) ("Consequently, whether a defendant is an employer as defined by the FLSA is an element of the plaintiff's meritorious FLSA claim and does not implicate subject-matter jurisdiction."); *Luna-Reyes v. RFI Const., LLC*, 57 F. Supp. 3d 495, 500-01 (M.D.N.C. 2014) (citing *Fernandez Centerplate/NBSE*, 441 F.3d 1006, 1009 (D.C. Cir. 2006) (holding that whether a defendant is an employer as defined by the FLSA does not implicate subject-matter jurisdiction)).

FLSA claim "across the line from conceivable or speculative to plausible." *Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir. 2021). As the court has found for the reasons delineated above, there is not "a sufficient basis in the pleadings" for default judgment to enter at this time. *See Bixler*, 596 F.3d at 762 (quotation omitted). Because Ms. Smith has failed to articulate how the facts pled in her complaint constitute "a legitimate cause of action" under the FLSA, *see id.*, the court respectfully denies her request for default judgment against BloomTV without prejudice. In connection with any renewed motion for default, Ms. Smith should address these pleading defects or, preceding that, request an opportunity to attempt to replead.

### B.      State-Law Claims

In the absence of a plausibly-pleaded federal FLSA claim, the court declines to exercise supplemental jurisdiction over the state-law claims, including for purposes of Ms. Smith's request for default judgment. *See* 28 U.S.C. § 1367(c). Therefore, that aspect of the Motion seeking default judgment as to the state-law claims also is denied without prejudice.

### III.   Damages

Because the court finds that default judgment should not be entered at this time, it is unnecessary to reach the question of relief. However, the court recognizes that Ms. Smith may exercise her right to appeal this Order to the presiding United States District Judge, and so the undersigned deems it appropriate to briefly observe that Ms. Smith's current damages analysis rests on a potentially flawed premise: that she is entitled under the FLSA to recover the entire amount of her unpaid wages—which she calculates based on the $125,000 annual salary to which she claims to be entitled—plus liquidated damages.

Ms. Smith asserts that, "[u]nder the Fair Labor Standards Act, [she] is further entitled by

federal law to recover liquidated damages in an amount equal to unpaid wages or compensation along with the actual amount of unpaid wages or compensation. Such amount equals $206,666.58 ($103,333.29 x 2)." ECF No. 36 ¶ 44 (citing 29 U.S.C. § 216(b)). However, Ms. Smith brings her FLSA claim under § 206 of the Act, which sets out the minimum hourly wage employers must pay their employees who engage in work affecting interstate commerce. *See* 29 U.S.C. § 206. Under the FLSA, workers must be paid a minimum of $7.25 per hour. *Id.* § 206(a)(1)(C). And the Act plainly limits an employee's recovery to unpaid minimum wages or unpaid overtime compensation, plus liquidated damages. 29 U.S.C. § 216(b) ("Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages."). Based on the clear language of the statute, an employee cannot recover more.

Assuming that Ms. Smith overcomes the pleading hurdles identified in this Order and eventually states a plausible claim under the FLSA, she would be entitled only to the amount of the federal minimum wage of $7.25 for those hours she worked and for which she received no compensation. *See Clingman v. Drive Coffee, LLC*, No. 20-cv-01485-RBJ, 2021 WL 4990303, at *7 (D. Colo. Oct. 27, 2021) (in evaluating a minimum wage claim under § 206 for an employee who claimed entitlement to an annual salary in the range of $150,000 to $190,000, finding that the employee's actual compensation of $24,950—although falling short of his promised salary— amounted to a payment of $22.28 per hour, exceeding the federal minimum wage and

disentitling him to further recovery under § 206).[9] It will be up to Ms. Smith, in any renewed

motion for default judgment, to apply these legal standards in calculating any wages to which she

claims entitlement. The court will not conduct that analysis for her. It appears reasonable to

---

[9] *See also, e.g.*, *Wallen v. TendoNova Corp.*, No. 20-CV-790-SE, 2022 WL 17128983, at *7-8
(D.N.H. Nov. 22, 2022) (limiting an employee's recovery for unpaid wages to the federal
minimum wage: "Neither the $180,000 figure [the employee's promised compensation] nor
Wallen's proposed expert is relevant to Wallen's claim for unpaid wages under the FLSA.
Wallen may believe that TendoNova promised to pay him a particular salary eventually or that
he is entitled to compensation for the fair value of his services, *but that recovery is not available
under the FLSA*.") (emphasis added); *Nicaty v. Smarkusky*, No. 18-63113-CIV, 2019 WL
2568838, at *1 (S.D. Fla. June 14, 2019) ("To the extent the Plaintiff purports to state a claim for
unpaid wages under Section 216(b), his claims fail. The FLSA does not provide a plaintiff with a
remedy for unpaid wages that exceed the statutorily mandated minimum wage. Section 216(b) is
only available when an employee is owed unpaid minimum wages or unpaid overtime
compensation as a result of a minimum-wage or overtime violation.") (citing *Bolick v. Brevard
County Sheriff's Dep't*, 937 F. Supp. 1560, 1568 (M.D. Fla. 1996)); *Stehman v. Elite Consumer
Servs., LLC*, No. 6:17-cv-731-Orl-40GJK, 2018 WL 7985899, at *2 (M.D. Fla. Feb. 1, 2018)
(holding that the FLSA did not provide a remedy for a plaintiff's minimum wage claim asserting
that he was not paid $95 per hour pursuant to an employment contract because his "contractual
rate exceeded the statutory minimum wage"); *McDaniel v. Trend Aviation LLC*, No. 6:17-cv-
00193-Orl-37KRS, 2017 WL 1476311, at *2 (M.D. Fla. Apr. 25, 2017) ("The express private
right of action found in § 216(b) of the FLSA is limited in an important respect: It is available
only when an employee is owed unpaid minimum wages, or unpaid overtime compensation as a
result of a minimum-wage or overtime violation. Here, McDaniel alleges that Defendants did not
compensate him at his alleged contract rate of pay, however, he fails entirely to allege that he
was paid less than the statutory mandated minimum wage. Accordingly, McDaniel fails to state a
plausible FLSA claim for unpaid minimum wages."); *Smith v. BNSF Ry. Co.*, No. CIVA 06-
2534-CM, 2008 WL 4758586, at *1 (D. Kan. Oct. 30, 2008) ("Correctly, plaintiffs concede that
the FLSA only provides for recovery of the prevailing minimum wage. Accordingly, the court
finds that plaintiffs may recover only the statutory minimum wage and appropriate liquidated
damages under the FLSA.") (internal citations omitted); *Foster v. Angels Outreach,* No.
2:06cv980-ID, 2007 WL 4468717, at *3 (M.D. Ala. Dec. 17, 2007) ("Section 216(b) contains no
provision for the recovery of unpaid wages which exceed the minimum wage, and Plaintiffs have
not cited any authority which would allow for such recovery.").

anticipate, however, that any such amount—hinging, as it must, on the $7.25 federal minimum

wage—will be significantly less than the $206,666.58 Ms. Smith currently claims as damages

under the FLSA. *See* ECF No. 36 ¶ 44.[10]

## CONCLUSION

Consistent with the foregoing analysis, it is respectfully **ORDERED** that Ms. Smith's

Motion for Default Judgment (ECF No. 36) is **DENIED without prejudice** as to Defendant

BloomTV and **DENIED as moot** as to Defendant Devon Kerns.

It is further **ORDERED** that a status conference, for the purpose of discussing the status

of the case, including a potential renewed motion for default judgment and/or an amended

pleading, is set for **December 8, 2025**, at **4:00 p.m.**, before Magistrate Judge Susan

Prose. Parties wishing to attend in person may appear in Courtroom A-502, on the fifth floor of

the Alfred A. Arraj United States Courthouse located at 901 19th Street, Denver, Colorado.

Parties are permitted to attend telephonically by calling 571-353-2301, Guest meeting ID-

868150043. Any telephonic attendees are requested to mute their phone when not speaking, as

well as avoid speaker phone and Bluetooth connections.[11]

---

[10] The court does not attempt to lay out here specifics regarding the appropriate method of calculation, nor should its comments be read to suggest that Ms. Smith is entitled to any damages under the FLSA. These are matters for Ms. Smith to establish, if she is able, in future filings.

[11] Rule 72 of the Federal Rules of Civil Procedure provides that within fourteen (14) days after service of a Magistrate Judge's order or recommendation, any party may serve and file written objections with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. §§ 636(b)(1)(A), (B); Fed. R. Civ. P. 72(a), (b). Failure to make any such objection will result in a waiver of the right to appeal the Magistrate Judge's order or recommendation. *See Sinclair Wyo. Ref. Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 783 (10th Cir. 2021) (firm waiver rule applies to non-dispositive orders); *but see Morales-Fernandez v. INS*, 418 F.3d 1116, 1119,

DATED: December 1, 2025          BY THE COURT:

_____
Susan Prose
United States Magistrate Judge

---

1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require
review, including when a "pro se litigant has not been informed of the time period for objecting
and the consequences of failing to object").